**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Franklin Khedouri, ) | No. CV-09-315-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Shell Holdings, Inc., a Delaware ) corporation, ) | |
| Defendant. ) | |

Plaintiff Franklin Khedouri began working for Defendant Shell Holdings, Inc. and its various subsidiaries in 1994. In April 2008, Plaintiff became the Director of Special Projects and Financing, in addition to his position as President of Shell Vacation Systems. Plaintiff's employment was terminated on November 20, 2008.

Plaintiff filed suit against Defendant in Arizona state court on January 16, 2009. The complaint asserts claims for breach of contract and unpaid wages. Dkt. #1-2. The action was removed to this Court. Dkt. #1.

Defendant has filed a motion for change of venue. Dkt. #10. The motion has been fully briefed. Dkt. ##14, 17. For reasons stated below, the Court will deny the motion.[1]

---

[1] Plaintiff's request for oral argument is denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1   Defendant asks the Court to transfer this case to the Northern District of Illinois
2  pursuant to 28 U.S.C. § 1404(a).  The statute authorizes such a transfer if the action could
3  have been brought in the Northern District of Illinois and "transfer is warranted by the
4  convenience of parties and witnesses and promotes the interests of justice." *Van Dusen v.*
5  *Barrack*, 376 U.S. 612, 616 (1964).  "[T]he purpose of [section 1404(a)] is to prevent the
6  waste of time, energy and money' and to protect litigants and the public against unnecessary
7  inconvenience and expense." *Id.* (citation omitted).
8   The parties do not dispute that this action could have been brought in the Northern
9  District of Illinois.  The Court must determine whether Defendant has made "a strong
10 showing of inconvenience to warrant upsetting [Plaintiff's] choice of forum." *Decker Coal*
11 *Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  This determination
12 requires the weighing of several factors:  (1) the convenience of the parties,  (2) the relative
13 financial burdens, (3) the convenience of witnesses, (4) the availability of compulsory
14 process to compel unwilling witness attendance, (5) the availability of witnesses and their
15 live testimony at trial, (6) the ease of access to sources of proof, (7) the differences in the
16 costs of litigation in the two forums, (8) contacts with the chosen forum, (9) jurisdiction over
17 the parties, (10) the state most familiar with the governing law, (11) the relevant public
18 policy of the forum state, and (12) the existence of any forum selection clause. *See* 28 U.S.C.
19 § 1404(a); *Decker*, 805 F.2d at 843; *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639
20 (9th Cir. 1988); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).
21   **A.   The convenience of the parties and the relative financial burdens.**
22   Plaintiff is a resident of Arizona and has retained Arizona counsel to represent him
23 in this matter.  Defendant is incorporated in Delaware and headquartered in Illinois, but is
24 a multi-million dollar corporation doing business throughout the country.  Defendant has
25 business affiliates domiciled in Arizona (Shell Holdings-Arizona, Inc. and Shell Vacations
26 LLC) which operate three vacation properties in the State (The Legacy Golf Resort, Orange
27 Tree Golf Resort, and Starr Pass Golf Resort).  Given Defendant's connections with Arizona
28 and its financial resources, any inconvenience caused by litigating in this Court would be far

- 2 -

1 less than that suffered by Plaintiff if the case were to transferred to the Northern District of 2 Illinois. As Plaintiff notes in his response, Defendant previously has litigated in this Court. 3 *See Danz v. Shell Vacations LLC*, No. CV-07-347-PHX-NVW (D. Ariz. June 7, 2007); *see* 4 *also Camargo v. Shell Vacations LLC*, No. CV-04-2653-PHX-FJM (D. Ariz. Sept. 20, 2005). 5 This factor weighs strongly against transfer.

6 **B.     The convenience of witnesses.**

7 Several potential non-party witnesses are located in Illinois, but others are located 8 in Texas, California, and Hawaii. Dkt. ##10 at 6, 14 at 6 & n.2. Witnesses would be 9 required to attend trial in both Arizona and Illinois. The convenience witnesses is therefore 10 "an equally neutral factor in deciding the motion for change of venue." *Advanced* 11 *Semiconductor Materials v. Applied Materials, Inc.*, 30 U.S.P.Q.2d 1553, 1554 (D. Ariz. 12 1993).

13 **C.     The availability of compulsory process and live testimony.**

14 Several potential witnesses are located outside the subpoena power of this Court. *See* 15 Dkt. ##10 at 6, 14 at 6 & n.2; Fed. R. Civ. P. 45(b)(2). While live testimony is preferred 16 whenever feasible, *see Hess v. Gray*, 85 F.R.D. 15, 25 (N.D. Ill. 1979), the Court's lack of 17 subpoena power may be solved through the use of deposition or video testimony. Moreover, 18 Defendant could require its employee-witnesses to travel to Arizona for trial. Defendant 19 does not dispute that two such witnesses previously have traveled to Arizona on business. 20 *See* Dkt. ##14-2 ¶ 19, 17 at 4. To the extent these factors weigh in favor of transfer, they do 21 so only slightly. *See  FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. 22 Ill. 1993) ("[I]t is generally assumed that witnesses within the control of the party calling 23 them, such as employees, will appear voluntarily[.]"); *Berry v. Potter*, No. CIV 04-2922 PHX 24 RCB, 2006 WL 335841, at *5 (D. Ariz. Feb. 10, 2006) (discounting inconvenience to 25 employee-witnesses).

26 **D.     The ease of access to sources of proof.**

27 Documents relevant to Plaintiff's claims primarily are located in Illinois. Live witness 28 testimony may be more accessible if the case is tried in Illinois. This factor favors transfer.

1     **E.**    **The differences in the costs of litigation in the two forums.**

2     Given the recent advances in electronic communication and document production,
3 discovery costs should be about the same in either forum. *See Television Events & Mktg.,*
4 *Inc. v. Amcon Distrib. Co.*, 416 F. Supp. 2d 948, 971 (D. Haw. 2006). At this stage of the
5 litigation, it cannot be determined whether the costs of travel and transportation will be
6 greater if the case is tried in Arizona. This factor is neutral.

7     **F.**    **Contacts with the chosen forum.**

8     Plaintiff's status as a long-time Arizona resident justifies his choice of forum.
9 Moreover, Plaintiff often worked for Defendant out of his home office in Scottsdale,
10 Arizona. *See* Dkt. #14-2 ¶ 5. In addition to its substantial general contacts with Arizona,
11 Defendant discussed the terms of Plaintiff's revised employment agreement in Arizona and
12 informed him of his termination in this forum. *See* Dkt. ##14 at 9, 17 at 5; *see also* Dkt.
13 #14-2 ¶¶ 9-10, 13. This factor weighs against transfer.

14     **G.**    **Jurisdiction over the parties.**

15     This factor weighs against transfer because Defendant has not raised lack of personal
16 jurisdiction as a defense.

17     **H.**    **The state most familiar with the governing law.**

18     This factor is neutral because the parties dispute whether the law of Arizona or Illinois
19 applies. *See* Dkt. ##10 at 4, 14 at 10, 17 at 6.

20     **I.**    **The relevant public policy of the forum state.**

21     This factor weighs against transfer because "Arizona has a strong interest in ensuring
22 that its citizens are compensated for their injuries[.]" *Gates Learjet Corp. v. Jensen*, 743
23 F.2d 1325, 1333 (9th Cir. 1984); *see Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d
24 1182, 1193 (9th Cir. 2002).

25     **J.**    **The existence of a forum selection clause.**

26     Defendant asserts that a draft of Plaintiff's revised employment agreement contains
27 a choice of law provision designating Illinois as the exclusive forum. Dkt. #10 at 4. Plaintiff
28 claims that the parties never agreed to that provision. Dkt. #14 at 10 & n.4. Even if the

- 4 -

parties "agreed to a forum selection clause, this agreement is not determinative, but merely one factor to be thrown into the balance with the other § 1404(a) factors." *Ky. Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, 406 F. Supp. 2d 751, 754 (E.D. Ky. 2005); *see DePuy Orthopaedics, Inc. v. Gault S. Bay, Inc.*, No. 3:07-CV-425RM, 2007 WL 3407662, at *9 (N.D. Ind. Nov 13, 2007) (forum selection clauses "are not dispositive of a court's decision on a motion to transfer"); *Jones*, 211 F.3d at 499 (finding that California was the appropriate forum despite a forum selection clause designating Pennsylvania as the exclusive forum).  This factor slightly favors transfer.

### K.     Consideration of all the factors.

Having carefully considered each of the relevant factors, the Court concludes that this case should not be transferred to the Northern District of Illinois.  "A court should not lightly disturb a plaintiff's choice of forum." *Holder Corp. v. The Main Street Distrib., Inc.*, No. CV-86-1285-PHX-RCB, 1987 WL 14339, at *8 (D. Ariz. Jan. 16, 1987) (citing *N. Acceptance Trust v. Gray*, 423 F.2d 635, 654 (9th Cir. 1970)).  Defendant "must make a strong showing of inconvenience to warrant upsetting [Plaintiff's] choice of forum." *Decker Coal*, 805 F.2d at 843.  Defendant has not met this burden.  "The Court 'will not transfer venue where the transfer will merely shift inconvenience from one party to the other.  Such a result will occur in this case if the Court grants the motion to transfer.'" *Magedson v. Whitney Info. Network, Inc.*, No. CV-08-1715-PHX-DGC, 2009 WL 113477, at *6 (D. Ariz. Jan. 16, 2009) (citation and alteration omitted).

**IT IS ORDERED** that Defendant Shell Holdings, Inc.'s motion for change of venue (Dkt. #10) is **denied**.

DATED this 13th day of April, 2009.

_David G. Campbell_
David G. Campbell
United States District Judge